# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHADD M. COWANS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 14-0447-CV-W-DW-P |
| LARRY DENNEY, | ) |
| Respondent. | ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS, AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, Chadd Cowans, filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 on May 12, 2014, seeking to challenge his 2009 convictions and sentences for second-degree murder and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri, after petitioner pled guilty to those offenses.

The petition raises eight Grounds for relief: (1) that post-conviction counsel was ineffective; (2) that plea counsel was ineffective for failing to advise him about the possibility of claiming self-defense, the terms of the plea, and the rights that he was waiving; (3) that he was "denied adequate representation due to lack of diligence of defense counsel in regards to [a] constitutional violation of Fourth Amendment right from [i]llegal searches and seizures, prohibited contents, and basis of warrants;" (4) that trial counsel was ineffective for failing to object to allegedly perjured or manufactured testimony offered by the prosecution; (5) that trial counsel was ineffective for failing to inform petitioner of the nature and elements of the charges against him; (6) that trial counsel was ineffective for failing to investigate petitioner's case and assessing alternative strategy options; (7) that trial counsel was ineffective for failing to keep petitioner properly informed about the case; and (8) that trial counsel was ineffective for failing to properly challenge the state's motion in limine regarding the cross-examination of potential witnesses.

Respondent contends that part of Ground 2 is meritless and that Grounds 1, 3-8 and the remaining part of Ground 2 are procedurally barred and, alternatively, are meritless as well.

# **FACTUAL BACKGROUND**

The Missouri Court of Appeals summarized the facts as follows:

> [Petitioner] pled guilty to second-degree murder and armed criminal action for killing Mr. Otis J. Brown. In exchange for [petitioner's] guilty plea, the State agreed to a maximum sentence of twenty-five years, which would run concurrently to sentences [petitioner] was already serving.
>
> At the plea hearing, [petitioner] testified that he understood the right to trial by jury and that he had had sufficient time to speak with legal counsel about the plea. He agreed that his attorney had done everything he had asked him to do. In response to the trial court's inquiry, [petitioner] stated he was "not sure" if they were well prepared to try the case that day. Notwithstanding, [petitioner] agreed that he was satisfied with his attorney's services, had no complaints, and understood that the plea court was going to rely on [petitioner's] statements made in the hearing under oath. He further understood that the second-degree murder charge carried a range of punishment from ten years to life, the ACA charge carried a range of punishment from three years to life, and that the plea agreement limited his sentence to a maximum of twenty-five years running concurrent to his prior sentences.
>
> [Petitioner] testified that he was pleading guilty because he was, in fact, guilty of the charges. He admitted to shooting Mr. Brown and killing him. The plea court sentenced [petitioner] to twenty-five years and five years of imprisonment, running concurrently, and further ordered the sentences to run concurrent to [petitioner's] prior sentences for robbery and possession.
>
> Pursuant to Rule 24.035, [petitioner] filed a motion for post-conviction relief. Counsel was appointed and an amended motion was filed. The amended motion alleged, *inter alia*, that [petitioner] received ineffective assistance of counsel because plea counsel failed to prepare for trial, or to advise [petitioner] of a possible self-defense claim. The court granted an evidentiary hearing.
>
> At the evidentiary hearing, plea counsel testified that the homicide occurred in a parking lot at the Blue Valley Apartments and that a group of people witnessed [petitioner] chase Mr. Brown and shoot him in the back. He recalled discussing defenses with [petitioner], including an alibi defense and a claim of self-defense.
>
> Prior to trial, counsel had filed a notice of an alibi defense for [petitioner]. It stated that [petitioner's] girlfriend would testify that [petitioner] was with her at her apartment at the time of the incident. The self-defense discussion arose from [petitioner's] assertion that Mr. Brown had reached toward his belt line prior to the shooting. Plea counsel testified that [petitioner] was the only witness who would testify to that claim, and that plea counsel informed [petitioner] that if [petitioner] testified, the jury would hear about his prior convictions.
>
> Plea counsel further stated that on the day of the trial, plea counsel and [petitioner] again discussed the defenses and he told [petitioner] they were not good defenses. An alibi defense was contradicted by two witnesses who went in the car to Blue Valley Apartments with [petitioner]—his brother and his girlfriend. The self-defense claim was controverted by the State's evidence, which plea counsel testified

would show

> [Petitioner] picking up a gun in advance of the shooting, travelling there, telling people to stay in the car, sneaking around the back of the apartment building, and then coming up on the others, and just simply opening fire, and then chasing the decedent down from behind, and shooting him in the back.

The autopsy report showed that Mr. Brown had been shot in the back and right elbow. Plea counsel testified that if he had presented either of those defenses, they would not have been successful. After the discussion, plea counsel and [petitioner] decided to enter a guilty plea and receive the benefit of the lid of twenty-five years.

[Petitioner] testified at the evidentiary hearing that when he was arrested, he told police that he had not been at the scene of the homicide and that he had been with his child's mother. He testified that he had wanted to claim self-defense and that he told plea counsel that Mr. Brown had pulled a weapon on him, but plea counsel disregarded his wishes. [Petitioner] believed it was significant that one of Mr. Brown's friends who had been at the scene admitted in deposition that she went through Mr. Brown's pockets; he believed that suggested she could have removed a weapon from Mr. Brown. He said that the morning of the trial, plea counsel said he could not do anything for him and told him that he needed to accept the plea offer. [Petitioner] asserted that if plea counsel had discussed the self-defense claim with him, he would not have pled guilty.

On cross, the State adduced that [petitioner] knew he was subject to a twenty-five year sentence under the plea agreement and that he never mentioned self-defense in his plea hearing or his allocution at sentencing. Rather, he expressed remorse at sentencing—although he did tell the preparer of the sentencing assessment report that he thought Mr. Brown "was going for a gun." The State further adduced that [petitioner] was upset when he received the maximum sentence under the plea agreement. [Petitioner] denied that he and plea counsel had discussed the autopsy report, whether he would testify at trial, or that if he testified, his statement denying being at the scene would be admissible.

After the hearing, the motion court determined that [petitioner's] plea was an intelligent and voluntary waiver of the right to a trial. It further found that contrary to [petitioner's] claim, the record showed that plea counsel specifically discussed a self-defense claim with [petitioner] and concluded that it was not a strong defense to pursue. Consequently, the motion court denied [petitioner's] claim for relief. [Petitioner] appeals.

(Doc. No. 6, Respondent's Exhibit G, pp. 1-5) (emphasis in original).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984). It is petitioner's burden to establish by clear and convincing evidence that

the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[1] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## **PROCEDURAL DEFAULT**

Respondent argues that, because petitioner failed to raise all but part one of Ground 2 in the state courts, he has failed to exhaust his state remedies and is procedurally barred from presenting those claims in his federal habeas petition. In Ground 1, petitioner asserts that he received ineffective assistance of post-conviction counsel, thereby showing cause for the procedural default. Respondent contends that a claim of ineffective assistance of post-conviction counsel as an independent ground for relief is insufficient to demonstrate cause for the procedural default and that all grounds should be dismissed.

A freestanding claim of ineffective assistance of post-conviction counsel is not cognizable on federal habeas review. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); see also Christenson v. Ault, 598 F.3d 990, 995-96 (8th Cir. 2010) ("There is no federal constitutional right to the effective assistance of post-conviction counsel.") (Citation omitted). Moreover, it appears that petitioner is attempting to use his claim of ineffective assistance of post-conviction relief counsel to show cause for his procedural default of parts two and three of Ground 2 and Grounds 3-8 pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Doc. No. 1 p. 3)

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 752 (1950). A petitioner "may establish cause for a procedural

---

[1] "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

default . . . in two circumstances: where the state courts did not appoint counsel in the [post-conviction] proceeding for an ineffective-assistance-at-trial claim; and where appointed counsel in the [post-conviction] proceeding . . . was ineffective under Strickland v. Washington, 466 U.S. 668 (1984)." Martinez v. Ryan, 132 S. Ct. 1309, 1312 (2012).

"In order for ineffective assistance of counsel to itself be cause to excuse a procedural default, the ineffective assistance must rise to the level of an independent constitutional violation." Evans v. Luebbers, 371 F.3d 438, 445 (8th Cir. 2004) (citing Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). "Thus, the assistance rendered must have been constitutionally substandard and prejudice must have resulted therefrom." Evans, 371 F.3d at 445 (citing Strickland, 466 U.S. at 687). Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the [underlying] claim has some merit." Martinez, at 1318.

Petitioner fails to establish that post-conviction counsel's failure to present the underlying ineffective assistance of plea counsel claims in his amended post-conviction relief motion or on appeal from the denial thereof rises to the level of ineffective assistance of counsel, or that the underlying claims have merit, especially considering petitioner's representations at the plea hearing .

Consequently, petitioner fails to establish cause for the procedural default of his underlying ineffective assistance of counsel claims.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "In order to present a habeas claim to the state court, a prisoner must 'fairly represent' not only the facts, but also the substance of his federal habeas corpus claim . . . . Presenting a claim that is merely similar to the federal habeas corpus claim is not sufficient to satisfy the fairly presented requirement." Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (citing Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996)), cert. denied, 528 U.S. 846 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his

claim would now find it procedurally barred, there is a procedural default." Sloan, 54 F.3d at 1381. Such is the case here.

Furthermore, petitioner has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Abdi v. Hatch, 450 F.3d 334, 338 (8th Cir. 2006) (petitioner must present new evidence that affirmatively demonstrates that he is actually innocent of the crime for which he was convicted in order to fit within the fundamental miscarriage of justice exception), cert. denied, 549 U.S. 1036 (2006).

Ground 1 is not cognizable on federal habeas review and/or is procedurally defaulted, and will be denied. Petitioner also has failed to demonstrate legally sufficient cause for, or prejudice resulting from, his state procedural default of parts two and three of Ground 2 and Grounds 3-8. Consequently, those Grounds will be denied as well.

## PART ONE OF GROUND 2 – INEFFECTIVE ASSISTANCE OF COUNSEL (POTENTIAL SELF-DEFENSE CLAIM)

In part one of Ground 2, petitioner alleges that trial counsel was ineffective for failing to competently advise him about the possibility of raising a claim of self-defense. (Doc. No. 1, pp. 9-10). Respondent contends that this is the only claim which is not procedurally barred because it was raised in petitioner's Rule 24.035 proceedings. Nevertheless, respondent contends that this ground is meritless and should be denied.

In order to succeed on his claim of ineffective assistance of plea counsel, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Reasonably effective assistance of counsel may be defined as the skill and diligence that a reasonably competent attorney would exercise under similar circumstances. See, e.g., Strickland v. Washington, 466 U.S. at 687-90.

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction...." Strickland v. Washington, 466 U.S.

668, 689 (1984). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In affirming the trial court's denial of petitioner's Rule 24.035 motion, the Missouri Court of Appeals held as follows:

> In his sole point, [petitioner] argues that the motion court erred because he received ineffective assistance of counsel that rendered his guilty plea involuntary. Specifically, [petitioner] contends that the plea was rendered involuntary because "counsel had not advised [petitioner] concerning a potential self-defense claim and had not prepared any defense, [petitioner] felt he had no option but to plead guilty."
>
> A defendant receives ineffective assistance of plea counsel when plea counsel fails to perform with "customary skill and diligence that a reasonably competent attorney would have shown under similar circumstances," and the defendant is thereby prejudiced. See Muhammad, 367 S.W.3d at 661. After a guilty plea, a claim of ineffective assistance of counsel is immaterial absent a showing that it impinged upon the "voluntariness and knowledge with the guilty plea was made." Id. If the defendant is sufficiently aware of the relevant circumstances and the likely consequences of his plea, his plea is knowingly entered. Id. To show prejudice after a guilty plea, the movant "must demonstrate there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on proceeding to trial." Redeemer v. State, 979 S.W.2d 565, 569 (Mo. App. W.D. 1998) (internal quotation marks and citation omitted).
>
> The motion court did not clearly err in denying [petitioner's] ineffective assistance claim. First, the record demonstrates that plea counsel discussed potential defenses with [petitioner]. Plea counsel specifically discussed self-defense with [petitioner], the necessity of [petitioner] testifying to assert the defense, and consequences of such a choice. While [petitioner] claims he was not advised and that trial counsel simply disregarded the defense, the motion court expressly relied on plea counsel's testimony at the evidentiary hearing in its judgment. The motion court is "free to believe or disbelieve the testimony of any witness." Wills, 321 S.W.3d at 380. We defer to the motion court's findings on credibility. Cherco v. State, 309 S.W.3d 819, 825 (Mo. App. W.D. 2010).
>
> Further, [petitioner's] "own testimony refutes his claim of ineffective assistance of counsel." See Eberspacher v. State, 915 S.W.2d 384, 386 (Mo. App. W.D. 1996). Rather than demonstrating an involuntary plea, the record shows that [petitioner] elected to accept a plea deal and voluntarily waived the right to a trial with knowledge of the consequences. [Petitioner] testified at a plea hearing that he was satisfied with plea counsel's performance, that he was voluntarily waiving his rights to a trial, and that he knew he could receive a twenty-five year sentence. Moreover, it

was adduced at the motion hearing that this was not [petitioner's] first experience with a plea; [petitioner] testified that his prior convictions for robbery and possession were also after guilty pleas. Prior experience in the criminal justice system is a relevant factor in considering whether a waiver of rights is knowingly and intelligently made. State v. Hunter, 840 S.W.2d 850, 859 (Mo. banc 1992).

Second, we presume counsel's action fell within a reasonable range of competency. Tisius v. State, 183 S.W.3d 207, 211 (Mo. banc 2006). [Petitioner] fails to overcome this presumption. Plea counsel testified that self-defense would not have been a successful trial strategy and the facts adduced at the motion hearing support that this was a reasonable conclusion. [Petitioner] would have been the only witness to make the claim that Mr. Brown moved his hand to his belt. If he testified, [petitioner's] prior convictions would then become admissible, as well as the alleged false statement to detectives that he was not at Blue Valley Apartments at the time of the homicide. While [petitioner] contended at the motion hearing that a woman going through the victim's pockets could support a finding that a weapon was removed from the victim, he offered no more than supposition to support this statement. The woman in fact testified in deposition that because "the police was right there," she was unable to remove a bottle of PCP from the victim. The facts further demonstrate that other witnesses would have testified to [petitioner] shooting Mr. Brown from behind and that this observation was supported by the autopsy report. Because the success of the defense was unlikely, it was reasonable for plea counsel to recommend the plea agreement. It is counsel's duty to advise his client of the strength of the State's case. See Pittman v. State, 331, S.W.3d 361, 365 (Mo. App. 2011). A defendant's reliance on counsel's advice that a plea offer is in his best interests does not establish that the plea was involuntary or coerced. Id.

(Doc. No. 6, Respondent's Exhibit G, pp. 5-8).

The resolution of part one of Ground 2 by the state court did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2) (as amended April 24, 1996), as defined by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 412 (2000).[2] Consequently, this ground will be denied, and this case will be dismissed with prejudice.

---

[2] According to the concurrence of Justice O'Connor, joined by four other members of the Court, "under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413, 120 S.Ct. at 1523.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 276 (2004). Because petitioner has not met this standard, a certificate of appealability will be denied. See 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied; the issuance of a certificate of appealability is denied; and this case is dismissed with prejudice.

       /s/ Dean Whipple
DEAN WHIPPLE
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: February 17, 2015.